

July 1, 2016

# DST ARBITRATION PROGRAM AGREEMENT

## Arbitration Program Agreement

Effective July 1, 2016, DST Systems, Inc. and all affiliated entities implemented as a contractual commitment to Associates the new arbitration program set forth in this Arbitration Program Agreement ("APA"). DST may not unilaterally change the terms of this APA without the agreement of the affected Associate.

This APA covers all employees, applicants, and independent contractors of DST Systems, Inc. or a DST affiliated entity (collectively referred to as "Associate" or "Associates") who receive notice of this APA and do not properly opt out. It also continues to cover Associates after they terminate employment or after they transfer between DST Systems, Inc. and a DST affiliate or between DST affiliates.

With the implementation of this new APA as a single uniform program across the enterprise of DST Systems, Inc., this APA applies to: (a) claims by an Associate against DST Systems, Inc., any DST affiliated entity, any DST sponsored benefit plan, or any DST employee, supervisor, manager, officer, or director allegedly acting within the scope of employment or as an agent or fiduciary (all collectively referred to a "DST"); and (b) claims by DST against an Associate. (See section on Coverage of this Arbitration Program Agreement for a full explanation of covered claims.)

DST encourages Associates to agree to this APA because we believe it provides a fair, efficient, private, and accessible process to resolve employment disputes related to legal rights through arbitration instead of through a lawsuit. Agreement to this APA is entirely voluntary because Associates have the right to opt out in writing within 30 days after they receive notice of and access to this APA. An Associate shall be considered to have agreed to this APA if the Associate does not properly opt out in writing within 30 days.

Under this APA, if any Associate has a claim related to legally-protected rights, the claim shall be subject to independent and neutral arbitration under the terms of this APA, unless the Associate has properly opted out in writing within 30 days after receipt of notice of and access to this APA. DST agrees that this APA also applies to claims by DST against an Associate.

## How Does this Arbitration Program Work?

The Arbitration process will be administered by the American Arbitration Association ("AAA"), which is a not-for-profit organization with a long history of experience in the field of alternative dispute resolution. Arbitrations will be conducted under AAA's Employment Arbitration Rules, except as modified by this APA. The Employment Arbitration Rules are part of AAA's Employment Arbitration Rules and Mediation Procedures. A copy of the AAA's Employment Arbitration Rules and Mediation Procedures can be reviewed at DSTConnect>Policies and Programs. The AAA Rules are amended by AAA from time to time. The AAA Rules in effect at the time an arbitration claim is initiated will apply, except as modified under this APA. Also, for any amendment by AAA of the Rules after an Associate agrees to this APA, the amendment will apply only if not objected to by the Associate at the time of the claim. An Associate can always secure a copy of the current AAA Employment Arbitration Rules and Mediation Procedures and information about AAA by accessing the AAA website at www.adr.org, by contacting AAA at 800.778.7879 or 888.774.6904, or by contacting the DST People Center at 800.874.0174 or peoplecenter@dstsystems.com.

DST agrees to pay the Arbitrator fees and the costs charged by AAA in any arbitration.

This APA does not require mediation, but if an Associate who files a claim under this APA wishes to mediate his/her claim, DST agrees to participate in mediation. DST further agrees to pay the fees of the mediator under AAA's mediation procedures or under any other mutually agreed upon mediation procedure.

The Arbitrator shall be an independent, neutral, and licensed attorney selected by DST and the Associate from a panel of at least three arbitrators provided by AAA, all of whom must satisfy the following qualifications: (1) former federal court judges and magistrates or former state court judges in appellate courts or trial courts of full general jurisdiction (which does not include municipal courts or "private judges"); or (2) lawyers who have practiced law and/or served as Arbitrators in the field of employment law for at least 15 years and are rated "AV" by Martindale-Hubbell. The AV rating is for lawyers considered to have reached the height of professional excellence and recognized for the highest levels of skill and integrity.

The Parties shall randomly decide who strikes first and then take turns alternately striking one name from the list of qualified arbitrators until there is only one name remaining. The remaining name shall be the Arbitrator. In any case, the Associate and DST also may agree on a mutually acceptable Arbitrator, and agree to bypass the AAA arbitration selection and administration process. DST also agrees to pay the Arbitrator fees if the parties agree on a mutually acceptable Arbitrator outside of the AAA selection process.

The Arbitrator shall have the exclusive authority to resolve all disputes relating to the facts or the law. This includes the authority to grant summary disposition of claims prior to hearing and to grant all relief that a court of competent jurisdiction could grant based on the claims asserted. The Arbitrator must follow all applicable law. The Arbitrator shall decide the case in the same manner as a federal district court judge hearing the case without a jury, and shall apply the federal rules of evidence. The Arbitrator shall issue a signed written award and decision stating the findings of material facts and conclusions of law that provide the basis for the decision. The Federal Arbitration Act governs the enforcement of this APA and proceedings under this APA, other than as modified by this APA. The Federal Arbitration Act applies because DST's business involves interstate commerce. If this APA is found not enforceable under the Federal Arbitration Act, then applicable state law shall apply.

The arbitration hearing shall be held in the county of the Associate's principal place of employment, services, or prospective employment, unless another location is agreed to by the parties. Prior to the hearing, the parties shall be entitled to discovery sufficient to fairly and adequately prosecute or defend claims as determined by the Arbitrator, taking into account the objective of an efficient, fair, and prompt resolution of claims. Discovery shall include at a minimum the right to two depositions, ten interrogatories, and ten document requests by each party. Both DST and the Associate, at their own expense, may be represented by an attorney in arbitration. The following persons may be present at the hearing: the Arbitrator and any recorder of the hearing; the Associate and his/her spouse, attorneys, experts, and witnesses; and DST's attorneys, management, human resource personnel, experts, and witnesses. No one else may be present without good cause determined by the Arbitrator. The arbitration and hearing shall be confidential, but only to the extent allowed under applicable law.

The parties shall provide lists of the names and addresses of witnesses and copies of exhibits to each other at least 30 days prior to the hearing and may supplement this information with additional rebuttal witnesses and exhibits up to 20 days prior to the hearing. The Arbitrator may resolve all discovery disputes, issue protective orders, and issue subpoenas to the full extent allowed by the law. Any party may arrange at their expense for a qualified court reporter and/or video/audio equipment to make a record of the hearing. The parties shall be entitled to file post-hearing briefs and proposed findings of fact and conclusions of law. The Arbitrator shall set a post-hearing briefing schedule under which the party with the burden of proof files first and the opposing party files second.

The Arbitration decision shall be binding on DST and the Associate; however, DST or the Associate may within 30 days after the decision file a reconsideration motion or other motion with the Arbitrator, who retains jurisdiction to consider and rule on any such motion. Additionally, DST or the Associate may serve written notice of an Arbitration Appeal: (1) within 60 days after the Arbitration decision if no reconsideration or other motion is filed within 30 days after the Arbitration decision; or (2) if a reconsideration or other motion is filed within 30 days after the Arbitration decision, then within 30 days after a decision by the Arbitrator on the reconsideration motion or other motion. If a party serves notice of an Arbitration Appeal, the selection of an Arbitrator to hear and decide the appeal shall be under the arbitrator selection procedure of this APA. In an Arbitration Appeal, the Arbitrator shall review the Arbitration decision on the same legal grounds that a first level federal court of appeals would review the decision of a trial judge sitting without a jury. The Arbitrator in an Arbitration Appeal shall issue a written decision after considering written briefs and oral argument. If the Arbitration Appeal or any court review

results in the direction of a new hearing or other further proceedings before an arbitrator, any party shall have the right to require that a new Arbitrator be selected under this APA to handle such new hearing or other further proceedings. The Arbitration decision and award shall not become final until the conclusion of the arbitration process under this APA. After the conclusion of the arbitration process, including the time period for an Arbitration Appeal and related proceedings, DST or the Associate may file a legal action within 30 days to enforce, vacate, modify, and/or appeal the final decision and award based on any available legal ground in the federal district court with jurisdiction over the county in which the hearing was held.

## How to Assert a Claim Under this Arbitration Program Agreement

An Associate who wishes to assert a claim must submit a written request for arbitration to the DST General Counsel, 333 W. 11th St., Kansas City, Missouri 64105 within the time period established by the applicable statute of limitations under the law. The written request should include supporting documentation and a statement of the facts, the nature of the claim, and the damages and/or other remedies sought. If DST wishes to assert a claim against an Associate, it also must submit such a written request for arbitration to the Associate within the time period established by the applicable statute of limitations under the law and with supporting documentation and a statement of the facts, the nature of the claim, and the damages and/or other remedies sought. The claim is waived if the Associate or DST fails to submit a timely and proper written request for arbitration, unless there are valid legal grounds to excuse the failure. After a request for arbitration, the parties shall cooperate on a joint submission of the claim to AAA, and DST agrees to pay all AAA and arbitrator fees.

All claims must be asserted, heard, and resolved on a single Associate individual basis, unless otherwise agreed to by all parties. Claims by multiple Associates may not be joined together in the same arbitration. DST also may not assert claims against multiple Associates in the same arbitration. An Associate may not assert claims as a class action or collective action on behalf of other Associates, either in court or under this APA. An Associate also may not have a claim asserted on his/her behalf by another person as a class representative or otherwise. This provision does not bar an individual associate from asserting a pattern or practice theory in support of his/her individual claim.

Any dispute regarding the enforceability of this APA, or the enforceability of this APA's prohibition on class action, collective action, and multiple Associate claims, shall be determined by the courts and not by the Arbitrator. An arbitrator shall not have the authority to allow a class action, collective action, or other multiple Associate claim to proceed in arbitration without a court order directing that the case proceed on that basis. Other than disputes regarding the enforceability of this APA and the enforceability of this APA's prohibition on a class action, collective action, and multiple Associate claims, the Arbitrator shall determine all other disputes regarding this APA.

## Coverage of this Arbitration Program Agreement

This APA covers all legal claims arising out of or relating to employment, application for employment, termination of employment, or independent contractor activities, except for claims specifically excluded under the terms of this APA. The claims covered by this APA include, but are not limited to, the following types of claims: wrongful discharge under statutory law or common law; employment discrimination, retaliation, or sexual or other harassment based on federal, state, or local statute, ordinance, or governmental regulations; retaliatory discharge or other unlawful retaliatory action; whistleblower claims; qui tam claims; False Claim Act claims; claims related to company sponsored benefit plans (other than a claim for benefits due under the terms of a plan, which is excluded from this APA); overtime or other compensation disputes; leave of absence disputes; tortious conduct; negligence; assault; battery; defamation; violation of public policy; breach of contract; and other statutory or common law claims. It includes claims based on a Notice of Right to Sue issued by a government agency. It also includes claims based on events that occurred prior to the effective date of this APA or based on events that occur following the termination of employment. This APA also applies to any claims by DST against an Associate.

The only claims not covered by this APA are claims by an Associate for workers' compensation benefits, claims for unemployment compensation benefits, claims for benefits due under the terms of any company sponsored benefit plan, claims filed with the National Labor Relations Board, retaliation claims under Section 806 of the Sarbanes-Oxley Act or the Commodity Exchange Act, and any other claims that cannot be arbitrated as a matter of law. If claims covered by this APA

and claims not covered by this APA are combined in one case, the covered claims shall be resolved in arbitration under this APA and the other not-covered claims shall be resolved in the appropriate non-arbitration venue.

Additionally, either the Associate or DST may file a court action seeking provisional equitable remedies, but only to the extent such remedies are available under the law, including but not limited to temporary or preliminary injunctive relief, either before the commencement of or during the arbitration process, to preserve the status quo or otherwise prevent damage or loss pending final resolution of the dispute pursuant to the terms of this APA. Also, this APA does not prevent or discourage an Associate from filing and pursuing an administrative proceeding before the Equal Employment Opportunity Commission, the National Labor Relations Board, or any other federal, state, or local administrative agency or otherwise providing information to any such government agency, also including but not limited to, the Department of Justice, the Securities and Exchange Commission, Health and Human Services, US Comptroller of the Currency, FINRA, or the Federal Trade Commission; however, if an Associate or DST chooses to pursue a legal claim in addition to and/or following completion of such administrative proceedings, or if there is some other legal proceeding related to the claim following completion of the administrative proceedings, the claim then shall be subject to the terms of this APA.

## Agreeing to this Arbitration Program Agreement

Agreement to this APA by an Associate is entirely voluntary because all Associates have the right to opt out in writing within 30 days after receipt of notice of and access to this APA. DST provides the 30 day opt out period because we want Associates to participate in this Arbitration Program, but we do not want to require Associates to make a quick decision. We want to provide Associates with plenty of time to consider whether they want to voluntarily agree to or opt out of this APA.

For each Associate who applies for, continues, or starts employment or service after July 1, 2016 and does not opt out in writing within 30 days after he/she receives notice of and access to this APA, the Associate and DST shall be considered to have agreed as a binding contract to waive their right to a judge or jury trial and to resolve employment-related legal claims under the terms of this APA instead of through a lawsuit. In order to opt out of this APA, an Associate must send a letter by Certified Mail/Return Receipt Requested to the DST Chief Human Resource Officer, 333 W. 11th St., Kansas City, Missouri 64105, stating his/her desire to opt out. The opt out letter may simply state the following: "I wish to opt out of the DST Arbitration Program Agreement." The opt out letter must be postmarked within 30 days after the Associate receives notice of and access to this APA. There will be no retaliation against any Associate for opting out of this APA. Upon request, DST will reimburse the Associate for postage and other reasonable expenses of mailing an opt out letter.

If an Associate properly opts out of this APA and was covered by a prior existing Arbitration Policy or Program as of the July 1, 2016 date of the implementation of this APA, then the prior Arbitration Policy or Program shall remain in effect for the Associate and the Associate shall remain in the same opted out or not opted out status as he was on July 1, 2016 under the existing Arbitration Policy or Program. The prior Arbitration Policy or Program also remains in effect if an Associate does not opt out of this APA, but for whom this APA is later found for some reason not to be a valid and enforceable agreement.

Associates are welcome to contact the DST People Center at 800.874.0174 or [peoplecenter@dstsystems.com](mailto:peoplecenter@dstsystems.com) if they have any questions or need further information regarding this APA or their right to opt out of this APA. We also encourage Associates, if they desire, to secure advice from an attorney or any other person regarding this APA and their right to opt out of this APA. Any Associate who does not mail an opt out letter by Certified Mail/Return Receipt Requested to the DST Chief Human Resource Officer, 333 W. 11th St., Kansas City, Missouri 64105 postmarked within 30 days after the Associate receives notice of and access to this APA shall be considered to have agreed to this APA, shall be automatically covered by this APA, and shall be contractually obligated to resolve legal claims under the terms of this APA and not through a lawsuit with a judge or jury trial.

This APA creates a contract that binds DST and each Associate to arbitrate employment-related legal claims, except for an Associate who properly opts out in writing within 30 days after the Associate receives notice of and access to this APA. This APA does not in any way modify the employment-at-will status of any Associate.

The provisions of this APA are severable. That means that if any provisions are found invalid or unenforceable by a court or arbitrator, it shall not affect the application and enforcement of the rest of this APA. Also, whenever possible and consistent with the objective of this APA to arbitrate all covered claims, any otherwise invalid term should be reformed and enforced by a court or arbitrator.

If a lawsuit is filed prior to arbitration, any action by an Associate or DST related to removal of the lawsuit to federal court and/or remand of the lawsuit to state court (or other filings in court) prior to a motion to compel arbitration shall not be a waiver by either the Associate or DST of any rights under this APA. Also, consistent with the voluntary nature of this APA under the 30-day opt out procedure and DST's respect for the legal rights of Associates, including the right to pursue legal claims, this APA is not intended to interfere with an Associate's rights to collectively bargain, to engage in protected concerted activity, or to exercise other rights protected under the National Labor Relations Act. This includes Associates acting in concert to pursue individual claims under this APA, such as notifying fellow Associates of potential claims, assisting fellow employees in the pursuit of individual claims, and encouraging fellow Associates to pursue individual claims under this APA. An Associate will not be subject to adverse action of any kind for such activities, for opting out or encouraging other Associates to opt out of this APA, or for opposing any provisions of this APA.

THIS ARBITRATION PROGRAM AGREEMENT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY DST AND ASSOCIATES AS A CONTRACT WHICH WAIVES THE RIGHT TO JUDGE OR JURY TRIAL FOR ANY ASSOCIATE WHO DOES NOT PROPERLY OPT OUT IN WRITING WITHIN 30 DAYS AFTER THE ASSOCIATE RECEIVES NOTICE OF AND ACCESS TO THIS ARBITRATION PROGRAM AGREEMENT.

Agreed:

*Stephen C. Hooley*
*Chairman, CEO, and President*

**Effective July 1, 2016**